IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD LEE BRITTON,

Plaintiff, No. CIV S-04-0472 LKK GGH P

vs.

JEANNE S. WOODFORD, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_____________________________/

Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss, filed on June 29, 2005, to which plaintiff filed an opposition.

Underlying Complaint

This matter proceeds against defendants Woodford, Director of the California Dept. of Corrections (CDC), and Margarita Perez, Chairperson of the California Board of Prison Terms (BPT), in their official capacities for declaratory and prospective injunctive relief only.[1]

[1] Plaintiff, along with a co-plaintiff, initially purported to bring this matter as a class action, against defendants Alameida of the CDC and Hepburn of the BPT, predecessors in office of the current defendants. Plaintiff's action was severed from that of his co-plaintiff and plaintiff was ultimately allowed to proceed, only as an individual plaintiff, in this action on the original

Plaintiff challenges the constitutionality of California's statutorily mandated period of parole after terms of imprisonment have expired under the provisions of the Determinate Sentencing Act of 1976, or Determinate Sentencing Law (DSL). Complaint (Cmp.), p. 1.

Plaintiff alleges that he was sentenced to a definite term of imprisonment, pursuant to the DSL, as codified in Cal. Penal Code § 1170. Cmp., p. 5. Plaintiff alleges that the following specific statutes, Cal. Penal Code §§ 3000, 3040, 3052, 3053, 3056, 3059, 3060, 3060.5,[2] 3061, 3062, 3063, 3064, 3067, are unconstitutional on their face and "as applied," and violate, inter alia, his constitutional rights under the Fourteenth and Fifteenth Amendments. Cmp., pp. 5-9. The provisions of Cal. Penal Code §§ 3000, et seq., variously violate plaintiff's federal constitutional rights under the Fourth, Fifth, Eighth, Fourteenth, and Fifteenth Amendments and Article VI, § 2, the Supremacy Clause, constitute a Bill of Attainder and violate his rights under Article 1, § 1[3] of the Constitution of the State of California. Cmp., pp. 5-10. Finally, plaintiff alleges that California's parole system, as implemented by defendants under the provisions added pursuant to the DSL, violates clearly established federal law as set forth by the U. S. Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972). Cmp., p. 10.

The gravamen of his complaint is that parole has been defined by the U.S. Supreme Court as a system of conditional release before the completion of a judicially imposed sentence and that when he has completed his judicially imposed prison term, the state parole

---

complaint, filed on December 8, 2003. See Orders, filed on March 9, 2004, April 29, 2004, and March 14, 2005.

[2] "Notwithstanding any other provision of law, the parole authority shall revoke the parole of any prisoner who refuses to sign a parole agreement setting forth the general and any special conditions applicable to the parole...." Cal. Penal Code § 3060.5, in relevant part.

[3] "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const. Art. 1. §1.

statutes as applied to him, inter alia, will subject him to unreasonable searches and seizures,[4] compel him to provide a DNA sample,[5] and limit his right to travel[6] and to vote,[7] in violation of his constitutional rights.

Motion to Dismiss

Defendants move for dismissal of this action on the ground that 1) this court lacks jurisdiction over plaintiff's claim that the state parole system is unconstitutional because his sole remedy is by a petition for writ of habeas corpus, and that 2) pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff has failed to state a claim upon which relief may be granted. Motion to Dismiss (MTD), pp. 1-8. The court begins with jurisdiction, the threshold question.

*Jurisdiction*

Defendants observe that when plaintiff completes service of his determinate term of imprisonment, he will be subject to a period of up to four years of additional supervision on parole. MTD, p. 5. They contend that plaintiff's request for injunctive relief within his complaint in the form of prohibiting defendants from enforcing state statutes related to parole would necessarily result in the termination of supervision by the Department of Corrections and, therefore, his sole remedy lies in proceeding upon a writ of habeas corpus. Id.

Plaintiff contends that this court has jurisdiction and that he is proceeding appropriately under 42 U.S.C. § 1983. He argues that he is not challenging the sentence on his underlying conviction but the constitutionality of the state parole statutes as applied to him once his determinate prison sentence has been served. Opposition (Opp.), pp. 3-5.

---

[4] Cal. Penal Code § 3067.

[5] Cal. Penal Code § 3060.5.

[6] Cal. Penal Code § 3059.

[7] Cal. Const., art. II, § 4; see also, Cal. Elec. Code § 2150(a)(9), in registering to vote, an applicant must show by affidavit that he or she "is currently not imprisoned or on parole for the conviction of a felony."

*Discussion*

Although plaintiff does not set forth precisely the language from the applicable authorities, he is correct that § 1983 is the appropriate vehicle by which to proceed in this action challenging the constitutionality of California's parole statutes.

The Supreme Court has recently stated:

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004):

Following Nelson, in Wilkinson v. Dotson, supra, the Supreme Court allowed state prisoners to proceed under 42 U.S.C. § 1983 in their challenge to the constitutionality of state procedures used to deny parole eligibility and parole suitability because such claims:

> do not fall within the implicit habeas exception. Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). See Wolff, supra, at 554-555, 94 S.Ct. 2963. Neither respondent seeks an injunction ordering his immediate or speedier release into the community. See Preiser, 411 U.S., at 500, 93 S.Ct. 1827; Wolff, supra, at 554, 94 S.Ct. 2963. And as in Wolff, a favorable judgment will not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." Heck, supra, at 487, 114 S.Ct. 2364. Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term. See Ohio Rev. Code Ann. § 2967.03 (Lexis 2003) (describing the parole authority's broad discretionary powers); Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth. 929 F.2d 233, 236 (C.A.6 1991) (same); see also Tr. of Oral Arg. 18 (petitioners' counsel conceding

> that success on respondents' claims would not inevitably lead to release). Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus." Preiser, 411 U.S., at 489, 93 S.Ct. 1827. Finally, the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core. See Balisok, supra, at 648, 117 S.Ct. 1584.

Wilkinson, supra, at 1248 [emphasis in original].

In his present challenge to the constitutionality of the state parole statutory scheme plaintiff seeks future relief, that very type of relief which is "yet more distant" from "'the core of habeas corpus,'" as he has not yet completed his term of imprisonment pursuant to the determinate sentencing law under which he was sentenced. Id. Plaintiff is not in custody by application of the parole statutes he challenges.[8] Should plaintiff obtain the results he seeks by this action, that the court find that California's parole statutes would be unconstitutional as applied to him, it would not lead to his immediate release from custody for the simple reason that he continues to serve his prison sentence. Defendants' motion on this ground should be denied.

*Failure to State a Claim - Legal Standard*

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990);

---

[8] Plaintiff's challenge herein is distinct from the posture of that of the plaintiff in the original case from which this case was severed, Crosby v. Woodford, et al., Case No. CIV-S 03-2634 LKK GGH P, of which the court takes judicial notice, because the plaintiff in Crosby brought his complaint while he has been in custody by application of the parole statutes he challenges.

see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256; 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S.555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations that contradict facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Argument*

Defendants aver that plaintiff's central contention that California's parole system violates his Fourteenth Amendment right to liberty fails to state a claim. MTD, pp. 5-8. Plaintiff asserts that under language expressed in Morrissey, supra, [9] once he has completed his court-imposed term of imprisonment, he has completed his prison sentence and is unequivocally entitled to his liberty, unencumbered by the application of the state's parole statutory scheme. Opp., pp. 7-9.

*Discussion*

Plaintiff relies on dicta in Morrissey v. Brewer, supra, to reach a position that is simply not supportable. As the undersigned noted in Crosby v. Woodford, et al.,[10] of which this court has taken judicial notice,[11] plaintiff's conceptual miscue (as is plaintiff's in the instant action) in Morrissey v. Brewer, supra, as here, on the merits is that he does not view parole as part of his criminal sentence. It certainly is. Nothing in Morrissey, a case concerned with procedures to be used for parole revocation, created a constitutionally defined parole definition which was then binding upon the state. Rather, as background in reaching the procedure issues, the Supreme Court generically described the practical effect of parole, i.e., it is generally granted prior to the time one's stated prison sentence (just a part of the overall sentence) has not been

---

[9] "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." Morrissey v. Brewer, supra, 408 U.S. at 477, 92 S. Ct. at 2598.

[10] See Crosby v. Woodford, et al., Case No. CIV-S 03-2634 LKK GGH P, Order & Findings and Recommendations, filed on January 23, 3006, p. 7, fn. 10.

[11] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

completely served. Morrissey was not attempting to constitutionally preclude parole from being part of one's criminal sentence. If plaintiff had disclosed to his sentencing judge that he would refuse to abide by parole conditions, the sentencing judge may well have given him the statutory maximum prison sentence. Moreover, nothing in the federal constitution would preclude a state from mandating parole after service of a statutory maximum term. Indeed, that is how the federal sentencing laws are presently set up. One serves a prison term (including a prison term that is a statutory maximum), *and* one is also sentenced to supervised release with conditions (i.e., just like a parole term).

The Supreme Court has made clear that "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system ...." insofar as those conditions are not otherwise violative of the Constitution. Opp., p. 7, quoting Meachum v. Fano, 427 U.S, 215, 224, 96 S. Ct. 2532 (1976). In California, a parole period is part of a criminal sentence and a parolee is within the custody of the California Department of Corrections. Armstrong v. Davis, 275 F.3d 849, 856 (n.3) ("parolee 'under the legal custody of the [California] Department [of Corrections]'") (9th Cir. 2001) [internal citations omitted]; U. S. v. Crawford, 323 F.3d 700, (9th cir. 2003), dissenting opinion, citing Latta v. Fitzharris, et al., 521 F.2d 246, 249 (9th Cir. 1975) (en banc) ("'A California parolee is' ....still serving his sentence....[and] remains under the ultimate control of the Adult Authority and the immediate control of his parole officer.")

In finding that defendants' motion should be granted on the ground that plaintiff has failed to state a claim, the court must recommend dismissal of this action, rather than granting leave to amend, because it does not appear to the undersigned that the defects of this complaint can be cured.

None of plaintiff's alternative grounds for challenging the constitutionality of California's parole statutes have merit, i.e, the parole statutes do not constitute a bill of attainder, U.S. v. Lovett, 328 U.S. 303, 315, 66 S. Ct. 1073, 1078 (1946) (citation omitted)("'a bill of

attainder is a legislative act which inflicts punishment without a judicial trial'"). Nor, as defendants also correctly assert, do parole conditions violate plaintiff's rights (prospectively as a parolee) under the Fourth Amendment. MTD, p. 9. In Griffin v. Wisconsin, 483 U.S. 868, 872-874, 107 S. Ct. 3164, 3167-3169 (1987), wherein the warrantless search of a probationer was found not to have violated the Fourth Amendment, the court quoted Morrissey, supra, at 480, 92 S. Ct. at 2600:

> To a greater or lesser degree, it is always true of probationers (as we have said it to be true of parolees) that they do not enjoy "the absolute liberty to which every citizen is entitled, but only...conditional liberty properly dependent on observance of special [probation] restrictions." [12]

Nor does the requirement that a parolee submit a DNA sample infringe plaintiff's constitutional rights under the Fourth Amendment. United States v. Kincade, 379 F.3d 813, 832 (9th Cir. 2004).

As defendants also argue, with respect to restrictions on parolees' right to vote, such limitations have not been found to be violative of the Fifteenth or Fourteenth Amendments. Opp., p.10, citing the U.S. Const. XV § 1[13]; Richardson v. Ramirez, 418 U.S. 24, 54-55, 94 S. Ct. 2655 (1974) (holding that the California Supreme Court erred in concluding that the state could not, in light of the Equal Protection Clause of Fourteenth Amendment, exclude convicted felons who had completed sentences and paroles from voting); Farrakhan v. Washington, 338 F.3d 1009, 1016 (9th Cir. 2003).

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll, supra, 809 F.2d at 1448 (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th

---

[12] Morrissey, of course, refers to "special parole restrictions."

[13] "The right of citizens of the United States to vote shall not be denied or abridged by the United States or any State on account of race, color or previous condition of servitude." U.S. Const., Amdt. 15, § 1.

Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss on the ground that plaintiff has failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. 12(b)(6) be granted and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brit0472.mtd